## WEBSTER & AL. *vs.* DRINKWATER.

The party committing a tort, cannot be charged as on an implied contract, the tort being waived, unless some benefit has actually accrued to him.

Where one, appointed on the part of the United States to superintend the execution of a contract for the building of certain public vessels, through misconstruction of its terms, required the performance of more than was in fact required by the contract;—it was held that he was not personally liable for such excess.

THIS was an action of *assumpsit* for services performed and monies expended; and it was tried before the Chief Justice, upon the general issue.

It appeared that Mr. *Ilsley*, the collector of the customs at *Portland*, being duly authorized by the United States to contract for the building of two revenue cutters, with their boats and barges, made an agreement under seal with the plaintiffs, who undertook, for a certain sum of money, to build and complete the cutters with their boats, to the satisfaction and approbation of the collector, or such person as he should designate and appoint. The collector, on his part, agreed that upon their completion, and the production of a certificate from the person so appointed, that they were built in all respects according to the contract, he would pay the stipulated sum. The agreement was particular as to the size and manner of finishing and furnishing the vessels, and contained a provision respecting the appointment of a person to superintend the building, and certify that the plaintiffs had performed the contract. Under this provision the defendant was ap-

pointed the superintendant ; and upon the completion of the vessels and boats contracted for, he gave them the certificate required, which they produced to the collector, and thereupon received of him the money agreed for, and a further allowance for certain extra bills, of which they claimed payment. At the time of this settlement the plaintiffs said to the collector that they had made a bad bargain, and had done more work on the vessels than they were bound to do by the contract, though no more than the defendant, as superintendant, had insisted was within it ; and that they should apply to Congress for compensation for this extra labor and expense ; but they did not then speak of any pretence of claim against the defendant. A petition was accordingly presented to Congress, but without success.

The labor and materials which formed the subject of the present suit, were proved to have been furnished at the request and under the direction of the defendant, in his capacity of agent of the United States, he insisting, and the plaintiffs denying, that they came within the meaning of the contract.

Upon this evidence, the Chief Justice left it to the jury to determine whether any work had been done, or expenses incurred by the plaintiffs, in building and completing the vessels, not required of them by the contract ; and if so, whether it was done and incurred under an engagement, express or implied, on the part of the defendant, to pay for the same. And they found for the defendant ; certifying, moreover, that some extra work had been done, and expense incurred by the plaintiffs, respecting which the defendant assumed to act as the agent of the United States, without authority, by contending that such work was within the terms of the contract, but which was not so considered by the jury. The counsel for the plaintiffs contended that in consequence of this unlawful assumption, the law raised a promise on the part of the defendant to pay for such extra work and expense ; and the Chief Justice reserved that question for the consideration of the court.

*Fessenden* and *Deblois,* for the plaintiffs, maintained the position taken at the trial, insisting that in all cases the agent is protected only where he binds his principal, by keeping within the limits of his au-

thority. If he exceeds this, he binds himself. He is estopped to deny that he made the contract for himself, where he had no power to stipulate for another. *Sumner v. Williams & al.* 8. *Mass.* 209. *Liverm. on Agents* 2. *Paley on Agency* 4. *Chitty on Contr.* 64. *Hill v. Brown* 12. *Johns.* 385. *Freeman v. Otis* 9. *Mass.* 273. *Swift v. Hopkins* 13. *Johns.* 313.

And though case will lie, for such pretence of power, as for a tort, yet the party injured may well waive that form of remedy, and proceed as on an implied *assumpsit.* Such is the law in the case of goods tortiously taken; *Hambly v. Trott Cowp.* 372; and of fees illegally exacted; *Clinton v. Strong* 9. *Johns.* 370; and of money extorted; *Ripley & al. v. Gelston ib.* 201. *Foster v. Stewart* 3. *M. & S.* 191. *Lightly v. Colston* 1. *Taunt.* 112. 5. *East* 39. note. *Smith v. Hodgdon* 4. *D. & E.* 217. 2. *Comyn. on Contr.* 29. 558. *Irving v. Wilson* 4. *D. & E.* 485.

*Longfellow,* for the defendant, replied that in the cases cited on the other side there was a contract made with the defendant, who had not only exceeded his authority; but had actually received money, or derived some other pecuniary benefit from the contract. But here was a written contract made directly with the United States; and the defendant was a known public agent, acting within the matter of his agency, in superintending its execution. *Adams v. Whittelsey* 3. *Conn. Rep.* 560. In the construction of this contract there was a difference of opinion; and the plaintiffs at length adopted the construction of the defendant; but no contract, of any sort, was made with him, and therefore he is not liable. There is no tort to be waived; and if there were, this is not a proper case for such election; which may be made in those cases only, in which a benefit has accrued to the party charged. 1. *Com. on Contr.* 272. 279. 281. *Paley on Agency* 296.

MELLEN C. J. delivered the opinion of the Court.

The question reserved at the request of the plaintiffs' counsel, is whether the law implies a promise on the part of the defendant to pay for certain extra work by them done on the vessel, which the jury have found was beyond the terms of the contract, and such as the defendant, as agent, had no right to require. They have found that what-

ever he did in the premises, was done by him, claiming to act as agent on the part of the United States, though as to such extra work, he exceeded his powers in requiring it; and that he never made any engagement express or implied to pay for it. Still it is contended by the counsel, that in existing circumstances, the law raises a promise to pay this extra expense. It is a principle well settled that a promise is not implied against or without the consent of the person attempted to be charged by it. *Whiting v. Sullivan* 7. *Mass.* 107. And where one is implied, it is because the party intended it should be, or because natural justice plainly requires it, in consideration of some benefit received.

The application of these principles is perfectly familiar in those cases where a man is professedly acting in his own behalf, and receives the benefit which is the consideration of promise implied. The point of inquiry is whether the law is the same when the man is acting in a certain transaction as an authorized superintendant, but in some particular in his demand, exceeds his authority, and yet receives no advantage whatever from those services, for the payment of which it it is contended the law raises a promise; as in the case under consideration.

The terms of the contract, the character in which the defendant was connected with and acted in the transaction we are examining, and, of course, the nature and extent of his authority, were all equally well known to both parties. Both must have supposed that the defendant considered himself as requring no more than he had a right to require, because, after some dispute, his requisitions were complied with. He was the person appointed by consent of all concerned, to superintend the building of the vessel, and see that she should be built in all respects in conformity to the contract. It is not pretended that in the discharge of his duty he did not act fairly and faithfully. On the contrary, the proceedings of the plaintiffs in applying to Congress for some allowance, shew that they did not rely on any engagement or liability on the part of the defendant. From these facts we do not perceive on what grounds a promise can be implied by law. The defendant was in some respects a judge, in business of that kind, and was so considered; and surely his honest opinion and

Webster & al. *v.* Drinkwater.

decision ought not to be considered as subjecting him to an action, as upon an implied promise, because he is found to have transcended his delegated authority in a particular instance. It has, however, been contended by the counsel for the plaintiffs that if an agent, in making a contract, exceed his authority, he must be holden personally as to the amount of the excess; and several of the cases he has cited may be considered as supporting that position, where there is an express undertaking on the part of the agent; and the doctrine so limited, is not contested by the defendant's counsel. But in the case before us there was no express contract, nor even an implied one, on the part of the defendant, as the jury have found; and his character and duty as superintendant, taken in connexion with the manner in which he performed that duty, precludes the idea of a promise implied by law, which could bind him. On what consideration should such a promise be implied? The defendant received no benefit from the services performed beyond the written contract; and the plaintiffs were not bound to perform them, and they never pretended that they were performed on the ground of even a supposed liability on his part. It is urged, however, that the defendant may be fairly held chargeable in this action, upon the well known principle, that in many cases a man may, as it is expressed, waive a tort, and seek his remedy for damages occasioned by it, in an action of *assumpsit*. The general principle is not denied; nor the authority of the cases cited to this point; but their application to the case before us is denied on two grounds;—first, because in all of them except one, the sum sued for had been actually received by the defendant in money, or in services of which he had received the benefit; and in the excepted case the officer received the tonnage duty without any authority of law, and in the same manner had accounted for it to government; an appropriation he had no right to make, and which sum the party suffering could not obtain from government by any legal process. The second reason is that in the present case there has been no tort committed, and so none could be waived. The defendant has merely done what he supposed and believed was his duty, pursuant to the contract, and in the due execution of the powers given him by the collector, and assented to by the plaintiff. Again it has been urged that

a man cannot be permitted to avail himself of his own wrong; this is a correct general principle; but if he have violated his neighbor's property or blasted his reputation, he surely may defend himself against that kind of action which the law does not permit to be sustained for redress of the particular injuries complained of.

The jury having negatived the promise alleged, and the facts, as reported, affording no ground on which the law will imply a promise, we will merely add that the defendant cannot be adjudged answerable in this action. We have given an answer to each of the arguments which have been urged by the plaintiffs' counsel, though we might have omitted it; because some of them could have no bearing upon the facts before us; for it must be distinctly remembered, that the defendant was never the agent on the part of the United States to make a contract with any one; but was merely constituted, by consent of the plaintiffs, an agent for the purpose of superintending the execution of a contract, which had been previously made between them and Mr. Collector *Ilsley.*

We are all of opinion that there must be

*Judgment on the verdict.*