Huganir vs. Cotter.

HUGANIR, Appellant, vs. COTTER, Respondent.

*February 3 — February 21, 1899.*

Damages: Implied contract: Waiver of tort.

In an action founded on false and fraudulent representations of defendant whereby plaintiff was induced to enter into a contract to cut and bank the timber on certain lands of defendant, the tort being waived and a recovery sought on implied contract, plaintiff cannot recover as damages the profits which he would have made on the performance of the contract had the facts been as represented, but can recover only the amount which the defendant has been enriched or benefited by his false representations.

APPEAL from an order of the circuit court for Lincoln county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

The appeal is from an order setting aside a special verdict and granting a new trial. The facts are stated in the opinion.

For the appellant there were briefs by *Flett & Porter*, and oral argument by *W. H. Flett*.

For the respondent there was a brief by *Van Hecke & Smart*, and oral argument by *E. M. Smart*.

CASSODAY, C. J.    This case was here upon a former appeal
from a judgment in favor of the plaintiff, and was reversed
for error in the admission of evidence.    92 Wis. 1.    Subse-
quently the cause was retried, and at the close of the trial
the jury returned a special verdict, to the effect (1) that the
defendant, before the execution and delivery of the written
contract, did make statements to the plaintiff as to the
quantity of timber on the lands described in the contract;
(2) that before the execution of the contract he represented
to the plaintiff that there were 1,500,000 feet of nine-log
timber on the lands; (3) that such representations, so made
by the defendant, were made for the purpose of inducing
the plaintiff to enter into the contract; (4) that the defend-
ant made such representations as to the size and quantity of
the timber with intent to deceive the plaintiff; (5) that the
plaintiff relied solely upon the representations so made to
him by the defendant as to the size and quantity of the tim-
ber; (6) that the defendant knew, or ought reasonably to
have known, that the statements made by him respecting
the size and quantity of the timber were untrue; (7) that
the defendant did not tell the plaintiff that he had no per-
sonal knowledge of the quantity of timber on the lands, and
that he got his information in relation thereto from others;
(8) that the plaintiff did not, before the execution of the
contract, go on the land in question and satisfy himself as
to the size and quantity of the timber thereon; (9) that the
reasonable cost per thousand feet, under all the circum-
stances, to have logged the timber on the lands in question
during the winter of 1891–92, assuming that there were
1,500,000 feet of nine-log timber thereon, would have been
two dollars; (10) that it was agreed that the defendant
should pay the plaintiff for getting out and placing boom
sticks around the logs $25.    Thereupon, on motion of the
defendant's counsel, it was ordered that such special verdict
be set aside and a new trial granted, the costs of the action

to abide the result of the trial, and such order was thereupon entered of record. From that order the plaintiff brings this appeal.

By the written contract between the parties the defendant agreed to pay the plaintiff three dollars per thousand feet for getting in the lumber from the premises described. The jury found that, had there been 1,500,000 feet of lumber on such premises as represented by the defendant, the plaintiff could have gotten in such timber, in performance of the contract, at the reasonable cost of two dollars per thousand feet; that is to say, he would have made a profit of $1,500 on the performance of the contract, had the facts been as represented by the defendant. In the former judgment, the plaintiff recovered such profits as damages; and upon the last trial, as well as the first, the cause was tried by the court on the theory that the plaintiff was entitled to recover, if at all, such profits as damages. The trial court granted the defendant's motion to set aside the verdict and grant a new trial on the ground that, under the pleadings, the plaintiff was not entitled to such profits as damages.

It appears that at the beginning of the first trial the court sustained a demurrer *ore tenus* to the complaint; that thereupon the plaintiff amended his complaint, to the effect that he was induced to sign the contract on the false and fraudulent representations of the defendant as to the size and quantity of the timber, as found by the jury, and that, as a matter of fact, there was much less than half the quantity of timber represented on the lands, and that much of that was of inferior size, and hence that it was much more expensive per thousand feet to get in such timber. Among other things, the amended complaint contains this statement: "Plaintiff hereby waives his cause of action for tort herein, and seeks to recover on implied contract." Such amended complaint also contains two other causes of action, each upon express contract.

Huganir vs. Cotter.

Upon the opening of the trial, "counsel for defendant moved that the plaintiff be required to elect between the first cause of action stated in the complaint and the second and third causes of action, on the ground that the first cause of action is a cause of action sounding in tort, and the second and third causes of action are in contract." But the court denied the motion. The court then admitted testimony as to the amount of such profits, against objection, and the trial judge stated: "I think we will proceed upon the assumption that the man may recover the profits if the proof shows the fraudulent representations as charged;" and further observed that it would be understood that all the testimony offered by the plaintiff bearing upon the question of the right of the plaintiff to recover profits under the contract would be taken under the objection of the defendant, as fully as if an objection were made to each question asked. Such rulings of the court were, manifestly, based upon the fact that the plaintiff had expressly waived the tort alleged in the first cause of action, and upon that cause of action was only seeking to recover upon implied contract, in which during the trial the defendant had acquiesced. In the opinion setting aside the verdict, the trial judge said, in answer to the position of counsel for the plaintiff, that "it was tacitly assumed by court and counsel that plaintiff had made his election, and all their efforts were directed to ascertaining and applying the true measure of damages applicable to such cases. Now it is asserted that, because the court allowed profits to be recovered, it was virtually a decision that the action was in tort. I expressly disclaim any such intention. I was then in doubt as to the true rule as applied to cases of implied contract, and, the profits having been allowed on the former trial without question, I followed the former ruling. This decision was based upon the assumption that profits were allowed in cases of implied contract, and not upon a determination that the action was in tort."

Huganir vs. Cotter.

The right of a plaintiff to waive the tort and recover solely on the ground of implied contract has been repeatedly and firmly settled by this court. *Barth v. Graf*, 101 Wis. 27, and cases there cited. Such being the state of the record, the only question for consideration is whether the plaintiff could thus waive the tort and recover such profits upon such implied contract. In *Norden v. Jones*, 33 Wis. 605, 606, DIXON, C. J., quoting approvingly from another case, said: "It is a principle well settled that a promise is not implied against or without the consent of the person attempted to be charged by it; and, where one is implied, it is because the party intended it should be, *or because natural justice* plainly requires it, in consideration *of some benefit received.*" *Lee v. Campbell*, 77 Wis. 340; *Limited I. Asso. v. Glendale I. Asso.* 99 Wis. 59. As stated in this last case: "The purpose of such an action is not to recover damages, but to make the party disgorge, and the recovery must necessarily be limited by the party's enrichment from the alleged transaction." Thus, it has been held that "one may waive the tort and sue on the implied contract only in those cases where the defendant has derived some benefit from the tort." *Webster v. Drinkwater*, 5 Me. 319; *S. C.* 17 Am. Dec. 238. It is not the amount of the plaintiff's loss, but the amount of the defendant's gain, which is recoverable in an action upon an implied contract. *Nat. T. Co. v. Gleason*, 77 N. Y. 400; Keener, Quasi-Cont. 200. We must hold that, upon the first cause of action alleged, the plaintiff can only recover the amount which the defendant has been enriched or benefited by his false representations.

*By the Court.*— The order of the circuit court is affirmed.

BARDEEN, J., took no part.