DOHERTY, Appellant, vs. DOHERTY and others, Respondents.

*March 23—April 9, 1907.*

*Mortgages: Foreclosure: Parties: Claimants of note and mortgage.*

In an action to foreclose a mortgage it was alleged that certain defendants claimed to have some interest in or lien upon the premises and to be the owners of the note and mortgage and had

made such claim to the defendants personally liable to pay the note, by reason whereof the latter had refused to pay the note to plaintiff; but that such claimants had in fact no interest in the note and mortgage or the premises. Judgment was demanded, among other things, adjudging plaintiff to be the sole owner of the note and mortgage. *Held,* on demurrer, that under sec. 2603, Stats. (1898), such claimants were properly made parties defendant.

APPEAL from an order of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

This is an appeal from an order sustaining a demurrer to a complaint in an action to foreclose a mortgage on the lands described, alleging, in effect, that the mortgage was executed March 12, 1904, by James Doherty and his wife, Ida, to one Mary Doherty, to secure a note of even date due in two years for $500 with interest at six per cent., and also to secure two other notes which had been paid before the commencement of this action, and that in consideration of such payment a portion of other real estate not specifically described in the complaint in this action was released from the mortgage; that in 1904 Mary Doherty assigned said note and mortgage to this plaintiff, who has ever since been the owner and holder thereof; that in 1905 the defendant James Doherty conveyed to the defendant J. M. Halderson the premises described in the mortgage, and Halderson thereby and therein assumed and agreed to pay said note and mortgage; that in 1905 Mary Doherty died at La Crosse, and in June, 1905, the defendant *Anna Meyer* was appointed special administratrix of her estate; that the mortgagor's wife, Ida, died before the commencement of this action; that March 24, 1906, the mortgage was recorded. The complaint also alleges that James Doherty and J. M. Halderson are liable for any deficiency that may remain after the foreclosure and sale of the mortgaged premises, and asks that they be adjudged liable for such deficiency. *Barney Doherty, Mary Jane Reagan,* and *Anna Meyer* individually and as such special administratrix were made defend-

ants in the action and demurred to the complaint, and from an order sustaining such demurrer the plaintiff appeals.

The complaint contains the usual averment that no proceedings had been had at law or otherwise for the recovery of the sum secured by the note and mortgage. The allegations of the complaint upon which it is claimed that the demurring defendants are properly made parties to the action are as follows:

"That all of said defendants other than said J. M. Halderson and Josie Halderson, his wife, claim to have some interest in or lien upon said mortgaged premises, or some part thereof, and claim to have some interest in said note and mortgage of this plaintiff, and have made claim to this plaintiff and to said defendants J. M. Halderson and James Doherty that they were the owners of said note and mortgage; that said defendants in fact have no interest in said note and mortgage or in said premises whatsoever; that the plaintiff now and at all times since he became the owner of said note and mortgage, as before stated, has been in exclusive and sole possession of said note and mortgage; that said defendant J. M. Halderson has refused to pay said note on the grounds that he is unable to determine who is really the owner of said note and mortgage, and is unable to determine whether this plaintiff or the defendants other than said J. M. Halderson and Josie Halderson, his wife, or some of them are the owners of said note and mortgage, and because of the claims made to said note and mortgage by said defendants other than said J. M. Halderson and wife; that said defendants other than said J. M. Halderson and his said wife have notified the defendant J. M. Halderson not to pay the said note and mortgage to the plaintiff."

The complaint also alleges:

"Said plaintiff therefore demands judgment that he be adjudged to be the sole and absolute owner of said note and mortgage, and that said defendants be adjudged to have no interest whatsoever therein, and be barred from claiming any right, title, or interest therein."

*Geo. W. Bunge,* for the appellant.

*C. L. Hood,* for the respondents.

CASSODAY, C. J.   From a reading of the complaint it is manifest that the demurring defendants are made parties to this action merely because they claim to have some interest in or lien upon the mortgaged premises or some part thereof, and claim to have some interest in and to be the owners of said note and mortgage; and that they make such claim of ownership not only to the plaintiff, but also to the defendants personally liable for the payment of the note and mortgage, and who by reason of such claim refuse to pay the same to the plaintiff.   Of course, it is important to the persons so personally liable that such conflicting claims to the ownership of the note and mortgage should be conclusively determined before payment.   It is only by making all claimants parties that the money can safely be paid into court.   In view of these facts the plaintiff demands judgment that he be adjudged to be the sole and absolute owner of the note and mortgage, and that the demurring defendants have no interest therein and be barred therefrom.   True, the complaint alleges that the demurring defendants have in fact no interest whatsoever in said note and mortgage or said premises; but does that prevent the demurring defendants from being proper parties to this action? The statute declares:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein."   Sec. 2603, Stats. (1898).

This does not limit the defendants to those who have an interest in the controversy, but extends to and includes those who claim such interest.   See, also, sec. 2610 and the last clause of sec. 3186, Stats. (1898).   We must hold that the demurring defendants were properly made parties to this action.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with direction to overrule the demurrer and for further proceedings according to law.