SCHEUER and another, Respondents, vs. R. J. SCHWAB & SONS COMPANY (Intervening defendant), Appellant (MARSHALL & ILSLEY BANK, Garnishee defendant).
SCHEUER and another, Respondents, vs. R. J. SCHWAB & SONS COMPANY (Intervening defendant), Appellant.

*January 15—February 10, 1920.*

Garnishment: Amendment of affidavit: Intervention by creditor in prior garnishment action: Action: Waiving tort and suing on implied contract: Injunction against transfer of note: Payment.

1. A judgment creditor who had garnished a debtor's funds in a bank may intervene in an action brought against the debtor by another creditor who had garnished the same fund, and may present the debtor's defenses to the principal action, the judgment creditor having "such an interest in the subject matter of the controversy" under sec. 2610, Stats., as to require that he be made a party for the due protection of his rights.

2. A complaint alleging that a contract was entered into giving plaintiffs the right to sell defendant's goods in certain territory in consideration of a cash payment and the execution of a note; that plaintiffs were induced to enter into the contract by fraudulent representations; that plaintiffs, upon discovery of the fraud, tendered back the contract and demanded the return of the money and the note; and that defendant was insolvent, and asking that the transfer of the note be enjoined, that the contract be rescinded, and that plaintiffs recover the note and the money paid, states a cause of action for recovery on implied contract.

3. Injunction to prevent the transfer of the note is the appropriate remedy under sec. 2774, Stats., in an action by plaintiffs for recovery on implied contract brought after discovery of the fraud.

4. Upon discovery of the fraud plaintiffs could waive the tort and sue on an implied contract.

5. Under the liberal rule in favor of permitting amendments in proceedings and pleadings, an amendment of the garnishment affidavit from "express" to "implied" contract is proper.

APPEALS from orders of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed in part; reversed in part.*

The facts in the two above entitled actions are closely interwoven on their appeal to this court, and the rights of the appellant, *R. J. Schwab & Sons Company,* a domestic corporation, upon its petition to intervene in the principal and garnishee actions of the plaintiffs, *Joseph F. Scheuer* and *Harry Wagen,* are so intimately related to the purpose of each proceeding to intervene in the two actions that it is deemed best to state the two cases together to avoid useless repetition in the statement of the facts and the nature of the actions. This method of uniting the cases will sufficiently present the basis on which appellant relies for reversal of the separate orders made by the court in the principal and the garnishee actions.

The appellant, the *R. J. Schwab & Sons Company,* petitioned the circuit court to intervene in the principal and the garnishee actions wherein *Scheuer* and *Wagen* are plaintiffs. The grounds for such intervention are as follows: The *Schwab & Sons Company* commenced an action on November 8, 1917, in the civil court of Milwaukee county and obtained a judgment on October 17, 1918, against the Regal Oil-Gas Burner Company for $592.69. No appeal has been taken from such judgment by the Regal Oil-Gas Burner Company within the time prescribed by law. *Schwab & Sons Company* on November 8, 1917, also commenced a garnishee action against the Regal Oil-Gas Burner Company as principal defendant and the Marshall & Ilsley Bank as garnishee in civil court, which is still pending, and the bank has been ordered by the civil court to hold the sum of $766.40 belonging to the Regal Oil-Gas Burner Company. The civil court is prevented from directing the bank to pay the moneys it holds belonging to the Regal Oil-Gas Burner Company in satisfaction of the *Schwab & Sons Company* judgment because the money in the possession of the bank was also impounded by a garnishment action of *Joseph F. Scheuer* and *Harry Wagen* in the above entitled action against the Regal Oil-Gas Burner Company pending in the circuit court for Milwaukee county, and *Schwab &*

*Sons Company* cannot secure relief in their garnishment action against the Regal Oil-Gas Burner Company and the bank until this principal action and the garnishment action of *Scheuer* and *Wagen* in the circuit court against the same defendant and garnishee are brought to a final determination.

It appears by affidavit and notice in writing of the attorney of record of the Regal Oil-Gas Burner Company in the above entitled principal and garnishment actions of *Scheuer* and *Wagen* pending in circuit court that the Regal Oil-Gas Burner Company is practically a defunct and insolvent corporation and that it will not make any active defense in both this principal and garnishment action of *Scheuer* and *Wagen* in circuit court and therefore tenders to the *Schwab & Sons Company* the right to defend such action in the circuit court in place of the Regal Oil-Gas Burner Company.

The circuit court, upon the application of *Schwab & Sons Company,* ordered *Schwab & Sons Company* to be made a defendant in the garnishee action of *Scheuer* and *Wagen* against the bank pending in circuit court. Thereafter the *Schwab & Sons Company* as such party defendant in the garnishment action moved the court to dismiss this garnishment action of *Scheuer* and *Wagen* upon the ground that the cause of action of the principal action of *Scheuer* and *Wagen* against the Regal Oil-Gas Burner Company is not founded on contract, express or implied, as stated in the affidavit for garnishment required by the statutes. The circuit court denied this application to dismiss such garnishment action. From this order of the circuit court denying the dismissal of such garnishment action *Schwab & Sons Company* prosecute this appeal.

The circuit court denied the petition of *Schwab & Sons Company* to be made a party defendant in the above entitled principal action of *Joseph F. Scheuer* and *Harry Wagen* against the Regal Oil-Gas Burner Company to en-

able *Schwab & Sons Company* to present any defense in such principal action that the Regal Oil-Gas Burner Company may have and which the Regal Oil-Gas Burner Company refuses to litigate, to the end that *Schwab & Sons Company* may protect its right to the funds in the possession of the Marshall & Ilsley Bank, which it has impounded by garnishment to satisfy its judgment against the Regal Oil-Gas Burner Company above referred to. *Schwab & Sons Company* has taken an appeal from this order of the circuit court refusing to interplead it as a party defendant. These two appeals by *Schwab & Sons Company* will be considered together.

*Henry E. Foelske* of Milwaukee, for the appellant.

*A. W. Foster* of Milwaukee, for the respondents.

SIEBECKER, J.    (1) Let us first consider the appeal from the order of the circuit court denying appellant's application to be made a party defendant in the principal action of *Joseph F. Scheuer* and *Harry Wagen* against the Regal Oil-Gas Burner Company.    The appellant contends that the interest it acquired in the fund in the bank belonging to the Regal Oil-Gas Burner Company under its garnishment proceedings gives it an interest in the subject matter of the controversy of the principal action of *Scheuer* and *Wagen* against the Regal Oil-Gas Burner Company and that it cannot, under the facts and circumstances shown, protect such interest to the impounded funds in the possession of the bank unless it be made a party defendant to this principal action and be accorded the right to litigate any defense the Regal Company may have to the cause of action set forth in the plaintiffs' complaint.    This claim of appellant is urged on the grounds that the Regal Company threatens to default in its appearance upon the trial of that case, and thus permit plaintiffs to obtain judgment without a trial upon the merits of the case and thereby enable the plaintiffs to prevent appellant from securing payment of its judgment

against the Regal Company out of the impounded fund of the Regal Company in the possession of the bank. *Schwab & Sons Company* claims the right to show the court that the plaintiffs, *Scheuer* and *Wagen,* are not entitled to recover upon their complaint in the principal cause of action and that their cause of action is of a nature and kind which does not legally entitle them to prosecute the garnishment action to secure satisfaction of any judgment they may obtain. The provisions of sec. 2610, Stats., are relied upon to sustain the *Schwab & Sons Company* in this claim. This section has been liberally construed to enable persons not parties to the action to be brought into the action for the due protection of their rights in the subject matter of the controversy. *Doherty v. Doherty,* 131 Wis. 375, 111 N. W. 478; *Swanby v. Northern State Bank,* 150 Wis. 572, 137 N. W. 763; *Carney v. Gleissner,* 62 Wis. 493, 22 N. W. 735.

The facts and circumstances of the instant case present a situation which discloses that, unless appellant is made a party to the principal action and is accorded the right to present the defenses of the Regal Company to plaintiffs' cause of action, it may be deprived of its right to the impounded fund in the possession of the bank. In contemplation of the provisions of sec. 2610 appellant has "such an interest in the subject matter of the controversy" which requires that it be made a party to the action for the "due protection" of its rights.

(2) The circuit court upon application of the appellant, *Schwab & Sons Company,* by order made it a party defendant to the garnishment action wherein *Scheuer* and *Wagen* are plaintiffs and the Marshall & Ilsley Bank is garnishee defendant. This was done for the purpose of enabling appellant to duly protect its interests as garnishee in the fund of the Regal Company in the possession of the bank. The court, however, denied appellant's application as such intervener to dismiss the garnishment action of

*Scheuer* and *Wagen* against the bank. *Schwab & Sons Company* prosecutes this appeal from that part of such order of the circuit court refusing to dismiss such garnishment action. It is contended that this garnishment action should be dismissed upon the grounds (1) that the cause of action alleged by *Scheuer* and *Wagen* in their principal action is one in equity, and that garnishment does not lie in aid thereof; and (2) that the complaint in the principal action does not state sufficient facts to constitute a cause of action.

The circuit court's refusal to dismiss the garnishment action is based on the grounds that the complaint in the principal action states a cause of action for recovery on implied contract, and that the affidavit on which the garnishment rests, stating that the principal action is one "to recover damages founded on express contract," can be amended and will be deemed to have been amended as charging that the principal action is one to recover damages founded on "implied" contract.

The complaint in the principal action charges in effect that plaintiffs in September, 1917, made a contract with defendant Regal Oil-Gas Burner Company, and, in consideration of paying such company $2,100, got the right to sell defendant's oil burners for stoves and furnaces within certain territory in this state; that the consideration was as follows: $1,650 in cash at the time the contract was executed and $450 by note; that plaintiffs were induced to enter into this contract through false and fraudulent representations of the defendant respecting the fuel consumption of the oil burners, and that defendant falsely and fraudulently represented that the oil fuel to be used in such burners would cost much less than coal fuel burners under like circumstances and conditions; that in fact the oil fuel consumed by such burners is much more costly than coal fuel, and that in fact these oil burners are of no real value whatsoever; that plaintiffs upon the discovery of such fraud

in October, 1917, tendered back the contract they had made with defendant and demanded the return of the money they had paid to defendant and the note delivered to it. The plaintiffs ask that defendant be enjoined from transferring the note if in its possession, and, if the note has been transferred, that plaintiffs recover the principal and interest due thereon. It is also alleged that defendant is insolvent. The relief demanded is recovery of the $1,650 paid, defendant's return of the note, that the contracts between the parties be declared rescinded, annulled, and canceled, and such other relief as may be just and equitable. The facts alleged in the complaint constitute a cause of action for the recovery of the money plaintiffs paid the defendant. The complaint also states sufficient facts to show that plaintiffs rescinded the contracts and tendered them back to defendant before action was commenced. In the light of these allegations the circuit court properly construed the complaint as stating a cause of action for recovery on implied contract. The relief demanded by way of injunction to prevent the transfer of the note is appropriate under sec. 2774, Stats., under the circumstances, to prevent the alleged threatened wrong respecting the subject of the action as tending to render the judgment in part ineffectual. The facts alleged in the complaint state in effect an action for the recovery of the money defendant received from the plaintiffs and hence is, in its nature and action, for money had and received.

True, the cause of action arises out of a tort, but plaintiffs may waive the tort and sue on implied contract. Upon the facts alleged the complaint must be held to state an action at law for damages. The recovery demanded also shows that plaintiffs are not seeking full recovery of their entire loss, but the amount defendant gained by payment plaintiffs made to it under the contracts specified in the complaint. These features characterize the complaint sufficiently to show that the recovery is sought on implied contract. *Norden v. Jones,* 33 Wis. 600; *Western Assur. Co.*

*v. Towle,* 65 Wis. 247, 26 N. W. 104; *Barth v. Graf,* 101 Wis. 27, 35, 76 N. W. 1100; *Huganir v. Cotter,* 102 Wis. 323, 78 N. W. 423.

We are of the opinion that the circuit court correctly held that plaintiffs were entitled to bring a garnishment action, and that under the liberal rule in favor of permitting amendments in proceedings and pleadings they are entitled to amend the affidavit for garnishment from "express" to "implied" contract.

It is therefore held that the part of the order of the circuit court refusing to dismiss the garnishment action of *Joseph F. Scheuer* and *Harry Wagen* against the Marshall & Ilsley Bank must be affirmed, and that the order of the circuit court refusing to make appellant a party defendant in the principal action of *Joseph F. Scheuer* and *Harry Wagen* against the Regal Oil-Gas Burner Company must be reversed, with direction to grant appellant's application to be made a party defendant in such action.

*By the Court.*—It is so ordered.