367 P.2d 272

Stanley Webb FLETCHER, Appellant,

v.

STATE of Arizona ex rel. Robert MORRISON, Attorney General, Appellee.

No. 6732.

Supreme Court of Arizona.

In Division.

Dec. 20, 1961.

Darrow, D'Antonio, Hayes & Morales, Tucson, for appellant.

Wade Church, former Atty. Gen., Robert W. Pickrell, Atty. Gen., William E. Eubank, Asst. Atty. Gen., for appellee.

BERNSTEIN, Vice Chief Justice.

This is an appeal by Stanley Webb Fletcher from a judgment of the Superior Court of Pima County sitting without a jury awarding Fletcher the sum of $3,210.-00 plus costs. The action was commenced by the State to condemn land belonging to Stanley Webb Fletcher.

The facts giving rise to this appeal are: On April 5, 1956, the State of Arizona and Fletcher entered into an easement contract wherein Fletcher granted a conditional easement to the State for highway purposes over parcels 3 and 4 on the south side of the Tucson-Benson Highway, receiving in consideration thereof the sum of $3,270.00. The grant was conditioned upon the construction by the State of certain cross-overs and turn abouts in the center island of the Tucson-Benson Highway adjacent to Fletcher's property.

On March 5, 1957, the State, seeking to condemn parcels 1 and 2 of Fletcher's land and believing it already had parcels 3 and 4 by virtue of the easement contract, filed its complaint in condemnation for parcels 1 and 2. Fletcher filed an answer to this complaint, and also brought an action against the State by way of counterclaim to quiet title in him to parcels 3 and 4 alleging that the State had anticipatorily breached the easement contract of April 5, 1956.

The State filed an answer to Fletcher's cause of action to quiet title admitting that it could not perform under the easement contract, but did not assert therein its counterclaim against Fletcher for the $3,270.00 paid under the contract as required by 16 A.R.S. Rules of Civil Procedure, rule 13(a) (1956). Motion for summary judgment on the counterclaim was made by Fletcher and on August 6, 1957, the court entered summary judgment quieting title to parcels 3 and 4 in Fletcher.

Thereafter, the State amended its complaint in condemnation to include parcels 3 and 4, but failed to include in the body of the complaint its alleged setoff. The prayer for relief in such amended complaint asked that the $3,270.00 paid to Fletcher for the easement contract be setoff against any award made by the court to Fletcher.[1]

---

1. The prayer for relief is not a part of the complaint, therefore no defense need be set forth in the answer against matters appearing only in the prayer for relief. Jones v. Stanley, 27 Ariz. 381, 233 P. 598 (1925).

**253**

The trial resulted in judgment for the State, fixing Fletcher's damages at $6,480.00 and allowing the State an offset in the amount of $3,270.00.

On this appeal, Fletcher has assigned six errors, some of which can be discussed together, and all of which are considered herein.

█ Fletcher alleges that the trial court erred in not granting him severance damages for loss of access. The trial was conducted on the theory that loss of access rights were not compensable. In view of our recent holdings that either the destruction or the material impairment of the access easement of an abutting property owner to a controlled access highway is compensable, the trial court was in error. State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P.2d 988 (1960); Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647 (1960); State v. McDonald, 88 Ariz. 1, 352 P.2d 343 (1960); State ex rel. Morrison v. Jay Six Cattle Company, 88 Ariz. 97, 353 P.2d 185 (1960).

█ The only issue remaining is whether the trial court erred in allowing the State as an offset the amount it paid Fletcher for the conditional easement contract.

In order to establish whether the State was entitled to seek a setoff it is necessary to determine whether the State had a claim or counterclaim which it could assert against Fletcher at the time of the filing of the amended complaint. American Smelting & Refining Co. v. Swisshelm, etc., Co., 63 Ariz. 204, 212, 160 P.2d 757, 760 (1945). In other words, can the State, without determining the merits of the claim, maintain an independent action against Fletcher to regain the moneys paid the latter for the conditional easement? We believe the State can not.

It is required by 16 A.R.S. Rules of Civil Procedure, rule 13(a) (1956), that:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *."

The State having a claim against Fletcher arising out of the conditional easement contract, it was mandatory that the State file such claim in the action brought by Fletcher against the State or waive it. Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603 (1945).

We hold that the State's claim for setoff arising from the conditional easement contract was waived when it failed to assert its alleged counterclaim against Fletcher's cause of action to quiet title. Such counterclaim merged into the summary judgment and thus precludes the State from raising the same matter in an independent

action. Biaett v. Phoenix Title & Trust Co., 70 Ariz. 164, 217 P.2d 923, 22 A.L.R. 2d 615 (1950).

The judgment of the trial court is reversed and remanded for a new trial not inconsistent with the views expressed herein.

UDALL, J., and CHARLES P. ELMER, Judge of Superior Court, concurring.