530 P.2d 1115

STATE of Arizona ex rel. Justin HERMAN, Director, Arizona Highway Department and County of Gila, Arizona, a body politic, Appellants,

v.

Wilford CARDON and Phyllis Cardon, husband and wife, Elijah Cardon and Marjorie Cardon, husband and wife, dba the Cardon Oil Company, Appellees.

No. 2 CA–CIV 1662.

Court of Appeals of Arizona, Division 2.

Jan. 22, 1975.

Rehearing Denied Feb. 26, 1975.

Review Granted April 1, 1975.

Bruce E. Babbitt, Atty. Gen., N. Warner Lee, Former Atty. Gen., by Donald O. Loeb, Asst. Atty. Gen., Phoenix, for appellants.

Standage & Allen by Gove L. Allen, Mesa, for appellees.

## OPINION

KRUCKER, Judge.

This cause comes before us after appellants, State of Arizona and Gila County, at the relation of the Attorney General of the State of Arizona, brought an action pursuant to A.R.S. § 18–160(A) (2), (3) and (C), to recover damages from the appellees caused by the wrongful removal and de-

struction of approximately 60 feet of concrete curb and gutter erected by the Arizona Highway Department within a right-of-way owned by the State and Gila County in the unincorporated town of Payson, Arizona. Appellants sought a mandatory injunction requiring the appellees to repair and replace the damaged portion of curb and gutter. A hearing was held in Gila County Superior Court on plaintiffs' request for a preliminary injunction enjoining and restraining the defendants-appellees from further trespassing on the plaintiffs-appellants' right of way. The testimony taken and the evidence received upon that application became a part of the record upon trial. No further testimony was ever taken. By minute entry the court entered its order granting the preliminary injunction sought by the appellants. Subsequently, the court entered its order denying the relief sought by the appellants.

The facts of the case are that in 1949, S. H. and Lucinda M. Hathaway subdivided a tract of land into lots, blocks and streets, designating the tract as "Rim View Addition". The subdividers, pursuant to certain language contained in the plat filed of record, dedicated to the public 20 feet along Aero Drive and 50 feet along State Highway 87 for roadway purposes. Aero Drive was thereby established as a public street under the doctrine of common-law dedication and under the control of the county pursuant to A.R.S. § 18–209.

The individual appellees are partners doing business under the name of The Cardon Oil Company. The appellees acquired by warranty deed Lots 26, 27 and 28 of Rim View Addition, which lots abut the intersection of Aero Drive and State Highway 87 in the unincorporated town of Payson, Arizona. During 1967, in connection with the improvement of State Highway 87 through Payson, a concrete curb and gutter were erected within the State Highway 87 and county (Aero Drive) right-of-way abutting Lots 25, 26, 27 and 28, Rim View Addition. Thereafter, appellees began operating a gasoline service station located on the northeast corner of the aforesaid in-

tersection on the above-described real property.

On January 31, 1972, the appellees, acting through their duly authorized agent, applied to the State Highway Department for a permit to construct within state highway right-of-way two 30-foot (later revised to 40-foot) depressed curbs and drives. This application was approved by the assistant district engineer on January 31, 1972, and assistant state engineer on April 10, 1972. The two authorized driveways along State Highway 87 were thereafter constructed within right-of-way belonging to the State of Arizona.

Apparently dissatisfied with these two 40-foot driveways along State Highway 87, the appellees, without express approval from any state or county official, entered upon right-of-way belonging to Gila County and the State of Arizona and destroyed and removed approximately 13 feet of concrete curb and gutter lying within state highway right-of-way and 29.5 feet of concrete curb and gutter lying within county right-of-way. Both parties stipulated in open court the cost of replacing the damaged and removed portion of curb and gutter was $385 and therefore the amount of monetary damage claimed by the appellants was never an issue.

Gila County has no procedure for authorizing curb cuts in public streets to facilitate the construction of driveways. An employee of the Gila County Highway Department informed Elijah A. Cardon that he could build the driveway anywhere along his property line for the reason that Gila County did not issue permits for this procedure.

Prior to removing Aero Drive curb, Cardon Oil applied to the Gila County Planning and Zoning Commission for a variance from the local zoning code. One of the documents in this application was a plot plan drafted by an architect. The plot plan described the 40-foot driveway the Cardons wanted to construct along Aero Drive. The Planning and Zoning Commission issued a building permit. After receipt of the building permit, Cardon Oil tore out the existing curb along Aero Drive with the intention of constructing driveways as shown on the plot plan. Because of threatened legal action, this construction was not completed.

Both State Highway Department and Gila County officials testified at the hearing on the preliminary injunction that the removal of the curb and gutter along Aero Drive created a hazardous traffic situation.

Counsel for the respective parties were both in agreement that the appellees had illegally removed, without the approval of the State of Arizona, a small portion (approximately 13 feet) of curb and gutter within the state right-of-way along Arizona State Highway 87. Therefore, the appellees agreed to repair and replace the damaged portion of curb and gutter within state right-of-way. This appeal therefore relates solely to that portion of the curb and gutter removed from county right-of-way abutting the appellees' real property.

## DID THE CURB IMPROVEMENTS CONSTITUTE A NUISANCE?

The trial court, in part, made the following conclusions of law:

"V. That portion of the 60-foot curb outside the boundary of the State's highway 87 obstructed and interferred with the defendants' right of access between their property and Aero Drive.

VI. Under the circumstances of this case that portion of the curb outside of the State's Highway 87 boundary constituted a nuisance causing special damage to the defendants. The defendants were justified in summarily removing that portion of the curb outside State Highway 87 boundary."

On appeal, we reverse the trial court because the holding cannot be supported by its conclusions of law.

The trial court found that improvements made on Aero Drive interfered with the appellees' right of access and that the improvements thereby constituted a nuisance causing special damage to them.

The fault we find with the preceding assertion is that it overlooks the fact that the right of the abutting property owner is subject to the rights of the public to use the street for highway purposes. And, although an owner of land abutting on a street or highway cannot constitutionally be deprived of all access to his premises without compensation, there is no taking of private property where streets are used and improved for purposes of a highway. 26 Am.Jur.2d Eminient Domain § 200 (1972). An owner is not entitled as against the public to access to his land at all points in a boundary between it and a highway. City of Phoenix v. Wade, 5 Ariz.App. 505, 428 P.2d 450 (1967). However, the destruction or the substantial impairment of an abutting property owner's right of access to a highway is compensable in eminent domain. Fletcher v. State, 90 Ariz. 251, 367 P.2d 272 (1961); State v. Thelberg, 87 Ariz. 318, 350 P.2d 988 (1960); Uvodich v. Arizona Board of Regents, 9 Ariz.App. 400, 453 P.2d 229 (1969).

Therefore, the trial court's conclusion and the appellees' assertion on appeal that the improvements constituted a nuisance because there was an encroachment or obstruction of the appellees' right of access is invalid because the abutting property owners never had an absolute right of ingress and egress. Rather, theirs is a limited right, which, under the instant facts, cannot be said as a matter of law to have been substantially obstructed.[1]

## MAY GILA COUNTY BRING THIS CAUSE OF ACTION?

Additionally the appellees assert that the State should not be allowed to bring this action because the improvements were made illegally. The appellees' position is that the State Highway Department is only authorized to make improvements on state highways and that Aero Drive is within Gila County's sole jurisdiction; furthermore, that A.R.S. § 18–207, as amended, allows the county only to maintain, not construct, improvements on roads and streets which are located without the limits of an incorporated city or town. Appellees thus conclude that since neither the county or state were legally empowered to expend the funds for the curb improvements, then neither should be allowed to bring an action for its removal.

This assertion misses the point. First, although A.R.S. § 18–207, as amended, does not confer upon Gila County the authority to build the instant improvements, once such improvements come into existence, A.R.S. §§ 18–209 and 18–207, as amended, clearly place the control and continued maintenance of such improvements within the authority of the county. Thus, even if the improvements were improperly constructed by the state, they now fall within the county's jurisdiction.

Furthermore, the appellees' argument overlooks the fact that there is no evidence that Gila County intentionally ignored the provisions of A.R.S. § 18–207, as amended, and unlawfully initiated the installation of these improvements. Rather, it is merely the recipient of certain improvements made upon its right-of-way on a street subject to its control.

In retrospect, the proper means by which the appellees might have challenged the authority of the State to erect a concrete curb and gutter would have been to bring a taxpayer's action contesting the

---

1. Appellees place undue emphasis upon the fact that the improvements may have been illegally constructed by the State. By definition, a nuisance is that activity which arises from " . . . unreasonable, unwarranted, or unlawful use by a person of his own property, working an obstruction or injury to the right of another, or to the public, and producing such material annoyance, inconvenience, and discomfort that the law will presume a resulting damage." City of Phoenix v. Johnson, 51 Ariz. 115, 123, 75 P.2d 30, 34 (1938). We hasten to note that there is a distinction between whether something is illegally conceived and whether its existence and presence is expressly prohibited and therefore "unlawful." We believe the latter view is the proper interpretation for the term "unlawful" in the quotation cited above. Thus, the financial genesis of a public improvement has no logical bearing on whether that improvement constitutes a nuisance.

lawfulness of the expenditure of funds and consequent construction. *See,* Henderson v. McCormick, 70 Ariz. 19, 215 P.2d 608 (1950). Alternatively, the appellees could have brought an action for inverse condemnation against appellants if they felt they had been unlawfully deprived of their right of reasonable access by reason of the construction. These legal approaches, although time consuming, would have been far more appropriate than the appellees' decision to determine on their own whether the improvements constituted an encroachment which they might demolish.

For the aforementioned reasons, the judgment of the trial court is reversed.

HOWARD, C. J., and HATHAWAY, J., concur.