[Civil No. 3310.   Filed October 2, 1933.]

[25 Pac. (2d) 272.]

JOHN ANDERSEN, Appellant, v. GUNNER THUDE, Appellee.

Mr. David A. Keener, for Appellant.

Mr. Frank W. Beer, for Appellee.

LOCKWOOD, J. — Gunner Thude, hereinafter called plaintiff, brought suit against John Andersen, hereinafter called defendant, to recover the value of eleven head of cows sold by the latter which plaintiff claimed belonged to him. The case was tried to a jury and a verdict returned in favor of plaintiff in the sum of $748.00, and after the usual motion for new trial was overruled this appeal was taken.

There is but one question before us, and that is whether or not the court should have sustained the demurrer to the amended complaint on the ground that it showed affirmatively on its face that it was barred by the statute of limitations, and the answer to this question will depend upon whether the complaint is one in tort for a conversion, or in *assumpsit* on an implied contract to pay for the cattle. It reads as follows:

"1. That plaintiff and defendant are now and were at all times hereinafter mentioned residents of Maricopa County, State of Arizona; that the plaintiff was on December 12, 1928, and now is the owner of and entitled to the possession of the following described personal property, to-wit: Eight (8) Herford

Cows Branded F; Three (3) Herford Cows Branded 7-V.

"2. That on or about the 12th day of December, 1928, the defendant, through his agents, servants and employees, carelessly, negligently, accidentally and by mistake took possession of, intermingled and mixed the above described cattle of the plaintiff with cattle belonging to the defendant.

"3. That said defendant on or about the said 12th day of December, 1928, sold all of his said cattle and the above cattle of the plaintiff to a person or persons who are to this plaintiff unknown for a large sum of money.

"4. That the proceeds from the sale of the above described cattle of the plaintiff were by the defendant mixed and intermingled with the proceeds from the sale of defendant's cattle.

"5. That the mixture and intermingling of plaintiff's and defendant's cattle as aforesaid was unknown to the plaintiff and not discovered by him until on or about the 10th day of January, 1930; that the plaintiff immediately after making such discovery demanded from the defendant the value of said cattle and/or the proportionate part of the proceeds from the sale of the same as aforesaid and that the defendant refused to pay both the proportionate part of the proceeds from the sale thereof and the reasonable value, and has ever since said demand, failed, neglected and refused so to do.

"6. That the reasonable value of said cattle of the plaintiff above described, was on December 12th, 1928, the sum of Eight Hundred ($800.00) Dollars.

"Wherefore, plaintiff prays judgment against the defendant in the sum of Eight Hundred ($800.00) Dollars with interest from December 12th, 1928, at the rate of six (6%) per cent. per annum to the date of rendition of judgment herein and for plaintiff's costs herein incurred and expended."

Defendant insists that the complaint shows unmistakably on its face it is an action for conversion. Plaintiff, on the other hand, contends that it is one in *assumpsit,* or at least that it is ambiguous on

this point, and that in such a case the presumption is that it is on contract.

It is agreed by both parties that when property has been converted and sold the owner thereof may either acquiesce in the conversion and sue in *assumpsit*, or refuse to acquiesce therein and ask for damages for the conversion. 1 C. J., p. 1033.

It is the rule that if the complaint may be construed either as one in tort or one on contract, that it will be presumed to be the latter. *Consolidated Flour Mills Co.* v. *Muegge*, 127 Okl. 295, 260 Pac. 745; *Nathan* v. *Locke*, 108 Cal. App. 158, 287 Pac. 550, 291 Pac. 286. And while a defense raising the statute of limitation is recognized, it is never favored by the courts, and if there is doubt as to which of two statutes applies, the longest period is generally used. *St. Louis, I. M. & S. Ry. Co.* v. *Sweet*, 63 Ark. 563, 40 S. W. 463; *Hughes* v. *Reed*, (C. C. A.) 46 Fed. (2d) 435; *Matthys* v. *Donelson*, 179 Iowa 1111, 160 N. W. 944; *Trousdale* v. *Amerman*, 124 Kan. 614, 261 Pac. 826; 1 C. J. 1015.

With these principles of law to guide us, let us examine the complaint. The allegation, "that the plaintiff was on December 12th, 1928, and now is the owner of and entitled to the possession" of the cows involved in the action, would appear to indicate that plaintiff had not waived his right of ownership in the property, but rather insisted thereon. This, standing alone, would naturally imply that the action was one in conversion, for if he still claimed that he owned the property he could not sue on the theory that he had sold it to defendant. On the other hand, the remaining portions of the complaint tend rather to sustain the theory that he waived his ownership and was suing on *assumpsit*. Paragraph 5 alleges that plaintiff, after discovering the conversion, demanded the value of the cattle or the propor-

tionate part of the proceeds of the sale thereof. The first demand was for what would be due if the action was either in conversion or *assumpsit* for goods sold and delivered, while the latter is not the measure of damages for conversion, but what could be recovered in *assumpsit* for money had and received, which is one form, and perhaps the commonest used, when goods converted have been sold and the conversion is waived. In an action in conversion it is usual, though not always absolutely necessary, that plaintiff set up that he was damaged thereby in a certain sum, while in an action in *assumpsit* no such allegation should be made. The amended complaint herein nowhere contains any suggestion of damages. We are of the opinion that there are sufficient allegations in the complaint to sustain either an action of conversion or one of *assumpsit* and that it is therefore ambiguous as to the nature of the action brought.

The reporter's transcript is not a part of the record, so that we cannot determine upon which theory the case was actually tried. Since the complaint is ambiguous, defendant should have moved to make it more definite and certain on this point if he desired to take advantage of the statute of limitations governing actions of conversion. Under the rules of law above set forth, we should presume the action was one in *assumpsit* rather than conversion, and the trial court did not err in overruling the demurrer thereto.

The judgment of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.