639 P.2d 321

**Karl E. WENK, Jr. and Edna N. Wenk, his wife, Appellants,**

v.

**HORIZON MOVING & STORAGE CO., an Arizona corporation, Appellee.**

No. 15349.

Supreme Court of Arizona, In Division.

Jan. 6, 1982.

James P. Bartlett, William W. Drury, Jr., Phoenix, for appellants.

Cahill, Hanson, Phillips & Mahowald, Phoenix, by Gregory E. Hinkel, Joseph W. Mahowald, Phoenix, for appellee.

GORDON, Vice Chief Justice:

Appellants have appealed the trial court's denial of an award of attorney's fees pursuant to A.R.S. § 12–341.01. They have also

requested attorney's fees on appeal. Taking jurisdiction pursuant to Ariz.Const.Art. 6, § 5(3) and Rule 19(e), Arizona Rules of Civil Appellate Procedure, we vacate and remand the order of the trial court denying attorney's fees at trial; also, we hold attorney's fees awardable on appeal under A.R.S. § 12–341.01.

## FACTS

Appellee, a moving and storage company, had been storing some of appellants' possessions under express contract. Upon appellants' request, the possessions were delivered to their residence. After everything was unloaded, appellants decided to return to storage four items. Appellee's employees reloaded the items on a van and agreed to return them to storage. No new express contract was ever executed concerning these items, and they were never seen again nor accounted for by any of the parties.

Appellants sued to recover the value of the lost items. They alleged both breach of a bailment contract and tortious negligence in loss of their property. The trial court, hearing the case without a jury, awarded appellants $10,545 based upon these conclusions of law:

"1. There was a common law bailment of the items.

"2. Horizon failed to exercise ordinary and/or reasonable care in the handling of the items."

Appellants had also requested attorney's fees pursuant to A.R.S. § 12–341.01, which provides in paragraph A, "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees." Appellee opposed the request, and the trial court found appellants were not entitled to attorney's fees.

Neither party has appealed the trial court's findings of fact and conclusions of law. The sole objection to the trial court's actions is its denial of attorney's fees.

## ATTORNEY'S FEES AT TRIAL

The record is unclear as to whether the trial court denied attorney's fees because it found them unavailable as a matter of law or because it chose not to exercise its discretion to award them. The parties apparently did not request the court to clarify its rulings. On the record presented to us by the parties, it appears the issue below was whether the cause of action sounded in contract, in which case the parties agree A.R.S. § 12–341.01 would apply, or in tort, in which case they agree it would not. We hold that appellants' action could state a case of breach of contract to which A.R.S. § 12–341.01 applies.

Appellants alleged both a breach of contract and a tort. In determining the nature of an action, a court is guided but not bound by the form of the pleadings; the circumstances surrounding the case also may be considered. We have held that when a complaint may be construed as alleging either a tort or a breach of contract, it will be presumed to allege a breach of contract, *Andersen v. Thude*, 42 Ariz. 271, 25 P.2d 272 (1933), and the circumstances of the instant case are consistent with that presumption.

The facts support the existence of an implied bailment contract. *See* 8 Am. Jur.2d *Bailments* § 63. The parties had previously engaged in an express contract, and the actions of the parties when appellants requested the four items be returned to storage evinced a purpose to enter into another, similar contract. Appellants and appellee's agents who reloaded the items for redelivery to storage certainly intended to have the items stored by appellee in consideration for a storage fee.

Therefore, if the trial court found that the cause of action could not sound in contract, it was in error. The evidence presented supports a recovery for breach of an implied bailment contract. But with the present state of the record, we do not know if the trial court found that appellants: (1) could not recover in contract; (2) could recover in contract but instead found their recovery in tort; or (3) did recover in contract and could have been awarded attor-

ney's fees but were not awarded them within the court's discretion under A.R.S. § 12–341.01(A).

Thus, we remand to the trial court with instructions to clarify its basis for its denial of an award of attorney's fees. If the basis was that appellants could not recover in contract, it is ordered to find appellants did recover in contract and then to decide how to exercise its discretion under A.R.S. § 12–341.01(A). If the court decides, however, that it found appellants did recover in contract but nevertheless should not recover attorney's fees in this particular case, we affirm that exercise of discretion. We express no opinion at this time as to whether appellants could recover in tort; therefore, we reserve decision on what action to take if the court decides that appellants could recover in contract but did recover in tort. The trial court is further ordered to report the results of its findings to us within sixty days of the issuance of the mandate in this case.

### ATTORNEY'S FEES ON APPEAL

This Court has never considered whether attorney's fees are awardable on appeal under A.R.S. § 12–341.01. The statute by its terms neither restricts its application to trials nor expands it to cover appeals. The statute merely states, "[T]he court may award the successful party reasonable attorney's fees." Who is the "successful party" is never certain until the appeal process is concluded. The policies that support awarding attorney's fees to the party successful at trial must also apply to awarding attorney's fees to the party ultimately successful on appeal. Therefore, we hold that A.R.S. § 12–341.01 does apply to appeals as well as trials.

The denial of attorney's fees at trial is reversed and remanded for further proceedings consistent with this opinion. Attorney's fees on appeal may be awarded under Rule 21, Arizona Rules of Civil Appellate Procedure.

HAYS and CAMERON, JJ., concur.