721 P.2d 1162

Alfred ACOLLA and Jane Doe Acolla, husband and wife, The Estate of Thomas Marks and Nadine Marks, Plaintiffs/Third-Party Defendants/Cross-Claim Defendants/Appellees,

v.

Louis V. PERALTA and Cleo T. Peralta, husband and wife, Defendants/Third-Party Plaintiffs/Plaintiffs on Cross-Claim/Appellants.

No. 2 CA–CIV 5671.

Court of Appeals of Arizona, Division 2, Department A.

April 10, 1986.

F. Michael Carroll, P.C. by F. Michael Carroll and Edlyn A. Soderman, Phoenix, for plaintiffs/third-party defendants/cross-claim defendants/appellees Acolla.

Charles D. Wahl, P.C. by Charles D. Wahl, Phoenix, for plaintiffs/third-party defendants/cross-claim defendants/appellees Marks.

Kaufman, Apker & Nearhood, P.C. by David B. Apker, Phoenix, for defendants/third-party plaintiffs/plaintiffs on cross-claim/appellants.

## OPINION

FERNANDEZ, Judge.

Appellants Louis and Cleo Peralta appeal from a judgment entered against them pursuant to a jury verdict. They contend they are entitled to a new trial because of the unconstitutionality of the Arizona Racketeering Act (RICO) under which one of the counts was brought, because the jury instructions were erroneous, because the trial judge erroneously trebled the jury award on the RICO count, and because they were denied effective assistance of counsel. We find no merit to the Peraltas' contentions and affirm.

This lawsuit arose from certain business dealings among appellee Alfred Acolla, the late Thomas Marks, the Peraltas and a California resident, Gene Allen, who is related by marriage to Louis Peralta. The Peraltas owned an Indian jewelry business in four Sears stores in the Phoenix area. Allen told them he could provide financing to greatly expand their business. He also offered to obtain financing for Acolla and Marks. Acolla sought financing for his business, Waste Resources Systems, Ltd., in order to build a waste processing plant. Louis Peralta and Allen agreed to obtain a loan in the amount of $1,200,000 to $1,500,000 upon payment by Acolla of a $28,000 advance fee. Acolla paid the fee with two checks to Peralta but no loan was ever obtained. The contract provided the fee was to be refunded within three days if the loan was not consummated in 45 days.

Peralta had never been in the venture capital business and did not approach any lender or investor about the loan. He immediately cashed the checks from Acolla and gave the cash to Allen, although he later told Acolla several times that the money was in the bank.

The second transaction was between Acolla and Touch of the West, Inc., a corporation whose incorporators were the Peraltas. Acolla paid $75,000 which was to be used to purchase electronic equipment from Sintel Corporation, a bankrupt company. The equipment was to be resold at a profit, and Acolla was to receive his $75,000 investment plus $25,000 profit or the option to purchase stock in another corporation incorporated by Marks and Peralta. No equipment was ever purchased from Sintel. A large amount of Acolla's money was given in cash to Allen; the rest was used by business entities in which Allen and Peralta were involved and by Peralta to pay some personal debts.

Acolla filed suit in January 1983, alleging two counts of breach of contract, two counts of fraud, a RICO count and two counts of violations of the Consumer Fraud Act. Default judgments were entered against Allen and Touch of the West, Inc. The Peraltas counterclaimed against Acolla, alleging he had frustrated performance of the agreement to obtain a loan. Acolla's summary judgment motion on the counterclaim was granted in June 1984. The Peraltas also filed a cross-claim against the Marks [1] and others, alleging fraud, a RICO count and two counts of consumer fraud.

Acolla elected not to pursue the breach of contract claims, and the remaining counts were tried to a jury. The jury awarded Acolla $28,000 and $75,000 on the two fraud counts, the same amounts on the two consumer fraud counts, $103,000 on the RICO count and $50,000 in punitive damages against the Peraltas. The court trebled the damage award on the RICO count and granted Acolla attorney's fees,

---

1. Thomas Marks died prior to trial, and his estate was substituted as a party.

costs and pre-judgment interest. A directed verdict was granted in favor of the Marks on one of the fraud counts and on the punitive damage allegations of the Peraltas' cross-claim, and the jury found in the Marks' favor on the remaining counts.

## CONSTITUTIONALITY OF RICO

The Peraltas contend the Arizona Racketeering Act, A.R.S. §§ 13–2301 through 13–2317, is unconstitutional because it violates the separation of powers clause of the Arizona Constitution, article III, because it violates the double jeopardy clause of both the United States and Arizona Constitutions, and because it violates due process and equal protection. They contend that they are entitled to a new trial (apparently on all counts) despite the fact that these issues were not raised in the superior court.

■ The thrust of the Peraltas' argument is that the RICO act is, in actuality, a criminal proceeding which entitles them to the rights and protections afforded to criminals under both the United States and Arizona Constitutions. Under the circumstances of this case, there is no merit to this argument. A.R.S. § 13–2314 specifically creates a civil claim which may be brought by "[a] person who sustains injury to his person, business or property by racketeering...." Simply because the predicate for such a civil action is the commission of an act chargeable or indictable under the laws of this state, A.R.S. § 13–2301(D)(4), the civil action is not converted to a criminal proceeding. As the supreme court noted in *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 596, 667 P.2d 1304, 1311 (1983), "it is clear from a reading of the statute that the Arizona legislature intended RICO to be a cumulative remedy."

Since the RICO count is not a criminal proceeding, the Peraltas cannot claim a violation of the double jeopardy clause. Indeed, there is no contention that the Peraltas were ever charged or indicted because of the acts alleged in Acolla's complaint. "The double jeopardy clause protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offenses." *United States v. Phillips*, 664 F.2d 971, 1005 (5th Cir.1981), cert. denied, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 and 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). Since no prosecution of any kind is involved here, the double jeopardy clause protections do not apply.

■ The Peraltas contend that they are entitled to a new trial because RICO violates due process and equal protection. They claim entitlement to such criminal protections as the right to an attorney, unanimous agreement of the jury, proof beyond a reasonable doubt, and a finding of criminal scienter, relying on the following statement by the United States Supreme Court in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, —— U.S. ——, ——, 105 S.Ct. 3275, 3283–3284, 87 L.Ed.2d 346, 356 (1985):

"Finally, to the extent an action under § 1964(c) [the federal RICO statute] might be considered quasi-criminal, requiring protections normally applicable only to criminal proceedings, cf. *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), the solution is to provide those protections, not to ensure that they were previously afforded by requiring prior convictions."

In the *Plymouth Sedan* case cited in *Sedima*, the Supreme Court held that the Fourth Amendment applies in an action by a state to obtain forfeiture of an automobile which had been used to transport untaxed liquor. A suit between two private parties for an award of money damages, such as this case, is distinguishable from a forfeiture proceeding brought by a state. An action such as the one before us is not a quasi-criminal proceeding.

The Arizona Supreme Court observed in *State ex rel. Corbin v. Pickrell* that the RICO statutes "provide ... drastic procedural remedies...." 136 Ariz. at 596, 667

P.2d at 1311. In this case, no drastic remedies were requested or ordered. Acolla's complaint sought treble damages, costs and attorney's fees, none of which is a "drastic" remedy of the same nature as forfeiture, dissolution of a business or imposition of restrictions on future activities and investments. See A.R.S. § 13–2314. Treble damage awards are permitted by other statutes, such as A.R.S. §§ 23–355, 37–502 and 44–1408. Since other remedies were neither sought nor awarded in this case, the Peraltas have no standing to raise constitutional issues with regard to those drastic procedural remedies provided in A.R.S. § 13–2314. *State v. Herrera*, 121 Ariz. 12, 588 P.2d 305 (1978), cert. denied, 441 U.S. 949, 99 S.Ct. 2175, 60 L.Ed.2d 1054 (1979).

■ Finally, the Peraltas argue that the RICO statutes violate the separation of powers clause of the Arizona Constitution because the Act is essentially criminal in nature and provides extensive procedural remedies. We have already addressed those issues. In addition, we note that there are other instances in which civil remedies are permitted for acts which also carry criminal penalties, e.g., wrongful death actions and murder or manslaughter criminal charges and criminal prosecution under A.R.S. § 45–112 and civil actions for damages for diverting water from a stream.

## JURY INSTRUCTIONS

■ The Peraltas also seek a new trial because of alleged errors in the instructions given to the jury. Their specific complaints are that no instruction was given on the elements of the crime of a scheme or artifice to defraud, that the instructions given were an impermissible comment on the evidence and that the instructions were inherently confusing and inconsistent. The difficulty with the Peraltas' argument, however, is that they raised no objection to any of the jury instructions and failed to ask for an instruction on the crime of scheme or artifice to defraud. Any error was waived by their failure to comply with Rule 51(a), Rules of Civil Procedure, 16

A.R.S., and we find nothing in the jury instructions that would support a claim of fundamental error so as to warrant relief absent an objection. *Tryon v. Naegle*, 20 Ariz.App. 138, 510 P.2d 768 (1973).

## TREBLE DAMAGE AWARD

■ The Peraltas also contend that the trial court usurped the jury's function by trebling the jury's damage award on the RICO count. The $103,000 jury award on the RICO count was precisely the amount Acolla requested on that count in his complaint and comprised the $28,000 and $75,000 advance fees he lost. Since A.R.S. § 13–2314 expressly provides for treble damages, we find no error in the court's trebling of the award. *Sullivan v. Metro Productions, Inc.*, (2 CA–CIV 5568, filed March 20, 1986).

## INADEQUATE REPRESENTATION OF COUNSEL

■ Lastly, the Peraltas contend they are entitled to a new trial because their trial attorney failed to represent them adequately. This unprecedented assignment of error is based on article II, § 24 of the Arizona Constitution which provides for the right to counsel in criminal prosecutions and is totally inapplicable to a civil proceeding. Additionally, the Peraltas complain because three months after their trial, their counsel was sought by the police because of his alleged involvement in criminal activities. We see no relationship between the two events. If the Peraltas are unhappy about their attorney's representation of them at trial, they are free to pursue a malpractice claim against him. Their unhappiness with his performance, however, gives them no right to a new trial in this proceeding.

In their reply brief the Peraltas have raised, for the first time, a claim that the court lacked jurisdiction over the RICO action because no notice of the suit was given to the Arizona Attorney General as is required by A.R.S. § 13–2314(K). Although that section states that the notice "shall" be served within 30 days of the filing of the

complaint, there is no indication that the notice is jurisdictional as the Peraltas contend. Nor does the record show conclusively that the notice was not properly given.

The judgment is affirmed. Appellees are awarded attorney's fees on appeal pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S. (1985 Supp.), and A.R.S. § 13–2314 upon filing the required statement of costs. *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

HATHAWAY, C.J., and HOWARD, P.J., concur.