795 P.2d 1297

Gary W. CROSS, Plaintiff–Appellee,

v.

The OFFICE OF the ATTORNEY GENERAL OF the STATE OF ARIZONA; Robert K. Corbin, Attorney General, Defendant–Appellant.

No. 1 CA–CV 88–576.

Court of Appeals of Arizona, Division 1, Department A.

July 31, 1990.

er the trial court erred in ruling that neither A.R.S. section 13–2314, which provides for an award of attorney's fees in actions to remedy racketeering, nor A.R.S. section 13–4314, which imposes liability for attorney's fees upon unsuccessful claimants in forfeiture proceedings, authorizes an award of attorney's fees in this case.

Craig Mehrens, P.A. by Craig Mehrens, and Amy Wilemon, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by John Pressley Todd, Chief Counsel, Sp. Investigations Div., Cameron H. Holmes, Asst. Atty. Gen., and Daniel J. Kiley, Asst. Atty. Gen., Phoenix, for defendant-appellant.

## OPINION

BROOKS, Presiding Judge.

The Attorney General (hereinafter "the state") has appealed from the denial of its petition for an award of attorney's fees incurred in defending against a superior court special action. Appellee Gary Cross filed the special action in an effort to prevent the state from obtaining an order of forfeiture regarding property in which he asserted an interest.[1] We consider wheth-

## FACTS AND PROCEDURE

The procedural history of this case is unusually complicated. We have chosen to omit the facts that we deem unnecessary to consideration of the issue presented for review.

In July of 1986, federal, state, and local drug enforcement officers executed a search warrant at the Hazelton Ranch in western Maricopa County. They discovered a large field of growing marijuana plants and also found quantities of marijuana in various stages of processing for sale. Robert Swindle, who lived at the ranch, told officers about other participants in the operation, including appellee Cross.

With this information, officers obtained a search warrant for Cross's home in North Phoenix, where pre-search surveillance spotted several people loading suitcases into a Lincoln automobile. A man and two women left in the Lincoln and were stopped by uniformed officers. Two of the occupants, one of whom identified herself as Cross's mother, consented to a search of the Lincoln. The search yielded several PVC pipes containing foil-wrapped bundles of U.S. currency totaling $329,880.

Three days after seizing the cash and the Lincoln, the state filed a notice of pending forfeiture in connection with a civil forfeiture action. Cross moved to stay the forfeiture in that action, but filed no claim to the property within the meaning of A.R.S.

---

1. The special action was related to two other superior court actions: State v. Hazelton, Maricopa County Superior Court Cause No. CR 87–06091, a criminal prosecution against Cross and others based upon the circumstances that gave rise to the forfeiture proceedings, and In the Matter of $329,880 United States Currency, Maricopa County Superior Court Cause No. CV 88–

16004, in which the state applied to the court for an order of forfeiture and allocation of forfeited property. Only small portions of the superior court record in these two cases are included in the record on appeal. Much of the information about the course of proceedings in those cases necessarily comes from pleadings filed in this case.

section 13–4311(E).[2] Later, the state voluntarily dismissed this forfeiture action and filed a new one. Cross again filed no claim, but the parties agreed, under certain conditions, to delay formal discovery pending the outcome of any criminal case to be filed against Cross. Sometime in 1987, the state commenced Maricopa County Superior Court Cause No. CR 87–06091, a criminal prosecution against Cross and others. The forfeiture action was continued several times on the inactive calendar and then dismissed without prejudice in April 1988. Later that month, in the criminal action, the trial court denied Cross's motion to suppress the cash and the Lincoln. The state then commenced a third forfeiture proceeding, apparently nonjudicially this time, by serving Cross with a new notice of pending forfeiture.[3]

Against that background, Cross filed a complaint for special action naming the Attorney General's Office and several of its employees as defendants. Cross alleged that the defendants were seeking to forfeit property that had been "illegally confiscated ... in a warrantless search and seizure." He further alleged that laches and due process barred the state from attempting to forfeit the property.

Because no *judicial* forfeiture action was then pending, Cross complained that the only means by which he might prevent the forfeiture was by filing a verified claim, which would necessarily contain statements that the state could introduce against him in his criminal trial. He alleged that the state's agents were exceeding their legal authority by "using the civil branch of their office to gather evidence for a criminal trial which the criminal branch cannot constitutionally gather." He asked the trial court to find that the state's agents had illegally seized the property. He also asked the court to stay the forfeiture proceedings until the criminal ac-

tion could be resolved or, alternatively, to grant him immunity so that he could file a verified claim without damaging his defense of the criminal charges.

At the same time, Cross asked for and obtained a temporary restraining order forbidding the state's agents from conducting further proceedings against the property. The state moved to strike the complaint and temporary restraining order, urging that Cross had deliberately deceived the court and was seeking only to delay the proceedings and to increase litigation costs. The trial court denied the motion to strike, but after finding that the temporary restraining order had expired, refused to reinstate or extend it.

The state applied for and received an order of forfeiture with respect to the subject property in Maricopa County Superior Court Cause No. CV 88–16004 and then moved to dismiss the special action as moot. Over Cross's objection, the trial court granted this motion. The state then petitioned for costs and an award of attorney's fees pursuant to A.R.S. sections 13–2314 and 13–4314. Finding no legal basis upon which to award attorney's fees, the trial court denied the petition. The state timely appealed.

## DISCUSSION

The state argues that it is entitled, under A.R.S. sections 13–2314(A) and 13–4314(F), to recover its reasonable attorney's fees incurred in defense of Cross's special action. Section 13–2314(A) provides:

A person who sustains injury to his person, business or property by racketeering as defined by § 13–2301, subsection D, paragraph 4 or by a violation of § 13–2312 may file an action in superior court for the recovery of treble damages and the costs of the suit, including reasonable attorney's fees. The state may file an action in behalf of those persons

---

**2.** Section 13–4311(E) describes the form and contents of a "claim" under Arizona's forfeiture statutes. It is quoted in full, *infra* at p. 17, 795 P.2d at p. 1300.

**3.** Nothing in the record before us reveals whether a complaint was ever filed in cause number

CV 88–16004. Counsel for Cross, however, avowed to this court during oral argument that she had been unable to find a pending judicial forfeiture action when she filed the instant special action.

injured or to prevent, restrain, or remedy racketeering as defined by § 13-2301, subsection D, paragraph 4 or a violation of § 13-2312.

Section 13-4314(F) provides:

The court shall order any claimant who fails to establish that his entire interest is exempt from forfeiture under § 13-4304 to pay the costs of any claimant who establishes that his entire interest is exempt from forfeiture under § 13-4304, and the state's costs and expenses of the investigation and prosecution of the matter, including reasonable attorney fees.

We first consider the state's reliance upon A.R.S. section 13-4314(F). The state contends that this subsection requires the assessment of attorney's fees against all "who assert an interest in property that the State seeks to forfeit and who attempt to prevent that forfeiture." The state argues:

Although Appellee never filed a claim, he succeeded in delaying the forfeiture and was heard in the forfeiture proceeding. Appellee should not be heard now to argue that his failure to file a claim relieves him of his responsibility to reimburse the State for having forced it to expend its resources to prevail in a forfeiture action. Appellee was the functional equivalent of a claimant, asserted rights reserved only to claimants, and caused economic losses in ways that the statutes contemplate are reserved for claimants. For purposes of the reimbursement statute, he became a claimant by filing his Special Action.

The state attaches little significance to the fact that Cross's special action was distinct from the forfeiture proceeding commenced by the state. Relying on *Wenk v. Horizon Moving & Storage Co.*, 131 Ariz. 131, 639 P.2d 321 (1982), the state asserts that "the party that is successful in an action can recover attorney's fees incurred in litigating the matter, not merely in the forum of the trial court, but in other

forums in which that party was compelled to appear in order to prevail." The state also maintains that, by choosing to provide for recovery of the state's costs and expenses of "the investigation and prosecution of the matter," the legislature indicated its intent that the statute apply broadly to ancillary actions like the instant special action as well as to forfeiture proceedings commenced by the state.

The state's analysis is plausible as far as it goes, but it ignores the particular language of section 13-4314(F) and the statutory context in which it appears. Our forfeiture statutes permit the state to commence forfeiture proceedings in several ways. As in this case, property may be seized for forfeiture incident to an arrest or search. *See* A.R.S. § 13-4305(A)(3)(a). The state may then commence judicial forfeiture proceedings by filing a complaint pursuant to A.R.S. section 13-4311 (judicial in rem forfeiture proceedings) or by filing a complaint, information, or indictment pursuant to section 13-4312 (judicial in personam forfeiture proceedings). Alternatively, under section 13-4309, the state may commence proceedings without filing a superior court action by serving those known to have an interest in the property with "notice of pending forfeiture" as described in section 13-4307.[4]

In any case, once notice of pending forfeiture has been given, the owner or interest holder who has received notice has thirty days within which to file a "claim" in order to obtain a hearing to adjudicate the validity of his interest in the property. A.R.S. §§ 13-4309(2), 13-4311(D). Section 13-4311 provides in pertinent part:

E. The claim shall be signed by the *claimant* under penalty of perjury and shall set forth all of the following:

1. The caption of the proceedings that are set forth on the notice of pending forfeiture or complaint and the name of the *claimant.*

---

4. If the state elects to file a civil in rem forfeiture action without first serving notice of pending forfeiture, A.R.S. section 13-4311(C) requires the clerk of the superior court to provide the notice of pending forfeiture required by section 13-4307.

2. The address at which he will accept future mailings from the court or attorney for the state.

3. The nature and extent of the *claimant's* interest in the property.

4. The time, transferor and circumstances of the *claimant's* acquisition of the interest in the property.

5. The specific provisions of this chapter relied on in asserting that it is not subject to forfeiture.

6. All facts supporting each assertion.

7. Any additional facts supporting the *claimant's* claim.

8. The precise relief sought.

F. Copies of the claims shall be mailed to the seizing agency and to the attorney for the state. No extension of time for the filing of a claim may be granted.

(Emphasis added.)

If a claim is timely filed, section 13–4311 contemplates that the state will commence a civil in rem forfeiture action by filing and serving a complaint if it has not already done so. *See* A.R.S. § 13–4311(A), (C). The court must then hold a hearing on the claim within sixty days after service of the complaint. A.R.S. § 13–4311(I). At the hearing, the state has the initial burden of showing the existence of probable cause for forfeiture of the property, and the "claimant" thereafter has the burden of showing by a preponderance of the evidence that his interest is not subject to forfeiture. A.R.S. § 13–4311(K).

If no claim is timely filed after notice of pending forfeiture, the state must apply to the court for an order of forfeiture. A.R.S. § 13–4314(A). The court is required to order the property forfeited to the state upon the state's written application showing jurisdiction, notice, and facts sufficient to demonstrate probable cause for forfeiture. *Id.* Section 13–4314 also provides:

E. On entry of judgment for a *claimant or claimants* in any proceeding to forfeit property under this chapter such property or interest in property shall be returned or conveyed immediately to the *claimant or claimants* designated by the court. If it appears that there was

reasonable cause for the seizure for forfeiture or for the filing of the notice of pending forfeiture, complaint, information or indictment, the court shall cause a finding to be entered, and the *claimant* is not, in such case, entitled to costs or damages, nor is the person or seizing agency who made the seizure, nor is the attorney for the state liable to suit or judgment on account of such seizure, suit or prosecution.

(Emphasis added.)

For ease of reference, we again set forth the language of section 13–4314(F):

The court shall order any *claimant* who fails to establish that his entire interest is exempt from forfeiture under § 13–4304 to pay the costs of any *claimant* who establishes that his entire interest is exempt from forfeiture under § 13–4304, *and the state's costs and expenses of the investigation and prosecution of the matter, including reasonable attorney fees.*

(Emphasis added.)

Section 13–4314(F) authorizes an award of attorney's fees in favor of the state only against a "claimant." Although "claimant" is not specifically defined in our forfeiture statutes, *see* A.R.S. § 13–4301, the statutory in rem forfeiture scheme uses that term consistently and exclusively to refer to a person who files a "claim" against the seized property as provided by A.R.S. section 13–4311(D), (E), and (F). Given that narrow usage, we cannot agree with the state that subsection F broadly applies to all "who assert an interest in property that the State seeks to forfeit and who attempt to prevent that forfeiture." To hold otherwise would stretch section 13–4314(F) well beyond the unambiguous meaning of the words the legislature chose to employ. *See State ex rel. Corbin v. Pickrell,* 136 Ariz. 589, 667 P.2d 1304 (1983); *Arizona Security Center, Inc. v. State,* 142 Ariz. 242, 689 P.2d 185 (App. 1984).

Contrary to the state's argument, the rationale of *Wenk v. Horizon Moving & Storage Co.,* 131 Ariz. 131, 639 P.2d 321 (1982), does not support the proposition

that a successful party in an action to which an attorney's fees statute applies may also recover fees in every other forum in which he was compelled to appear in order to prevail. *Wenk* merely held that, under A.R.S. section 12–341.01(A), the identity of the "successful party" entitled to recover attorney's fees in a contested action arising out of a contract "is never certain until the appeal process is concluded" and that the statute therefore applies "to appeals as well as trials." 131 Ariz. at 133, 639 P.2d at 323. *Wenk* lends no weight to the state's analysis.

■ The state also contends that it was entitled to an award of attorney's fees under A.R.S. section 13–2314(A). Again we disagree. For ease of reference we restate the text of that subsection:

> A person who sustains injury to his person, business or property by racketeering as defined by § 13–2301, subsection D, paragraph 4 or by a violation of § 13–2312 may file an action in superior court for the recovery of treble damages and the costs of the suit, including reasonable attorney's fees. The state may file an action in behalf of those persons injured or to prevent, restrain, or remedy racketeering as defined by § 13–2301, subsection D, paragraph 4 or a violation of § 13–2312.

Contrary to the state's argument, neither the instant special action nor the forfeiture proceeding in reaction to which it was filed constituted "an action ... to ... remedy racketeering as defined by § 13–2301, subsection D, paragraph 4 or a violation of § 13–2312." Section 13–2314 provides an in personam cause of action for damages or other relief from racketeering. *See, e.g., State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 667 P.2d 1304 (1983); *Daggett v. Jackie Fine Arts, Inc.*, 152 Ariz. 559, 733 P.2d 1142 (App.1986); *Sullivan v. Metro Production, Inc.*, 150 Ariz. 573, 724 P.2d 1242 (App.1986), *cert. denied*, 479 U.S. 1102, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1986); *Acolla v. Peralta*, 150 Ariz. 35, 721 P.2d 1162 (App. 1986). An action under section 13–2314 contemplates "a determination of liability." *See* § 13–2314(C), (D). Indeed, section 13–

2314(F) expressly distinguishes between actions under section 13–2314 and forfeiture actions under chapter 39 of title 13 (A.R.S. §§ 13–4301 to 13–4315). Subsection F provides in part:

> In addition to or in lieu of an action under this section the state may file an action pursuant to chapter 39 of this title for forfeiture....

In this case, the state never proceeded against Cross under section 13–2314(A). It filed no in personam "action" against Cross in superior court. *See* Rules 2 and 3, Arizona Rules of Civil Procedure. Instead, it commenced an in rem forfeiture proceeding nonjudicially by serving a "notice of pending forfeiture" on Cross. The trial court correctly determined that A.R.S. section 13–2314(A) was inapplicable in this case.

The state, however, posits the existence of a legislative intent "to preserve taxpayer resources and to discourage individuals from impeding forfeiture actions without justification." We think that the state extrapolates too broadly from the language of the statutes upon which it relies. We acknowledge the state's concern that our holding may discourage the state from seeking forfeiture of modestly valued property and may encourage end-run challenges to forfeitures. We think it equally likely, however, that it will merely encourage the delay or stay of forfeiture proceedings pending completion of criminal proceedings. In any event, these consequences are inherent in the language of the pertinent statutes.

Cross has requested an award of attorney's fees on appeal pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure. That rule provides in pertinent part:

> Where the appeal is frivolous or taken solely for the purpose of delay, ... the appellate court may impose upon the offending attorneys or parties such reasonable penalties or damages (including contempt, withholding or imposing of costs, or imposing of attorneys' fees) as the circumstances of the case and the discouragement of like conduct in the future may require.

We are unable to find that any reasonable attorney would agree that this appeal was "totally and completely without merit." *See Price v. Price*, 134 Ariz. 112, 114, 654 P.2d 46, 48 (App.1982). Neither do we find any evidence that the state prosecuted the appeal to harass Cross or produce delay. We accordingly deny Cross's request for an award of attorney's fees on appeal.

Affirmed.

FIDEL and TAYLOR, JJ., concur.