NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JEWELS BY G. DARRELL OLSON, INC., *Plaintiff/Appellant*,

*v.*

SHERRY L. LUND AND WILLIAM LUND, *Defendants/Appellees*,

BRADFORD D. LUND, *Intervenor/Appellee*.

No. 1 CA-CV 13-0621
FILED 12-04-2014

Appeal from the Superior Court in Maricopa County
No. CV0000-445923
The Honorable Benjamin E. Vatz, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Broening, Oberg, Woods & Wilson, P.C., Phoenix
By Brian Holohan
*Counsel for Plaintiff/Appellant*

Gammage & Burnham, P.L.C., Phoenix
By Gregory J. Gnepper
*Counsel for Defendants/Appellees*

Shumway Law Offices, PLC, Scottsdale
By Jeff A. Shumway
*Counsel for Intervenor/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

---

**B R O W N**, Judge:

¶1          Jewels By G. Darrell Olson, Inc. ("Jewels") appeals the superior court's attorneys' fee awards entered against Jewels after an unsuccessful attempt to garnish a bank account. For the reasons that follow, we affirm.

**BACKGROUND**

¶2          Jewels obtained a default judgment in 1983 against Sherry Lund (formerly Sherry Cox). Jewels, having renewed the judgment over the years, discovered that Sherry had married and therefore resumed its collection efforts. To that end, Jewels served a writ of garnishment on Wells Fargo Bank, seeking funds allegedly belonging to Sherry.

¶3          In its answer, Wells Fargo reported holding $4650.49 in non-exempt funds and identified William Lund, Sherry's husband, and Bradford Lund, Sherry's step-son, as persons who might possess personal property belonging to Sherry. When Jewels applied for a judgment against Wells Fargo, Sherry objected to the application and Wells Fargo's answer. According to Sherry, (1) the account belonged to Bradford and she had contributed nothing to it; (2) Jewels had not waited ten days before seeking judgment against Wells Fargo, as required by Arizona Revised Statutes ("A.R.S.") section 12-1580(A); and (3) Jewels had failed to join Bradford and William as parties pursuant to A.R.S. § 12-1595(C). Eleven days later, Sherry submitted a prehearing memorandum reiterating these arguments, disputing William's community liability for her pre-marital debt, and requesting attorneys' fees under A.R.S. § 12-1580(E).

¶4          At its initial hearing, the superior court ordered Jewels to join Bradford and William as parties and Sherry's counsel agreed to accept

2

service on behalf of William. At a subsequent hearing, the court set a briefing schedule addressing Wells Fargo's duty in researching and determining which accounts were subject to garnishment. Bradford's counsel then filed a notice of appearance and joined Sherry and William's counsel in litigating the issue at the court's next hearing. The court quashed the garnishment writ in a minute entry and filed a signed order on May 22, 2013 sustaining the "objections to the writ of garnishment lodged by the Judgment Debtor and Bradford Lund." The order did not include Rule 54(b) language nor did it address attorneys' fees or the dismissal of Wells Fargo.

¶5        On May 24, 2013, Sherry and William applied for an award of $8243.64 in attorneys' fees and costs and on June 11, 2013, Bradford similarly sought an award of fees and costs in the amount of $8781.17. Jewels objected to both fee applications, arguing that the May 22, 2013 order quashing the garnishment was a final judgment and the opposing parties had forfeited any right to fees when they failed to file a timely Rule 59(*l*) motion to amend that judgment. Jewels further contended that Bradford's aggregate fee claim was unreasonable but did not contest any of the component charges.

¶6        The superior court rejected Jewels' forfeiture argument as "superseded by Ariz. R. Civ. P. Rule 54(g) and rejected in later case law." The court then awarded the applicants most of the claimed fees: $7200 to Sherry and William, and $7500 to Bradford, along with costs, in an order which included Rule 54(b) language. This timely appeal followed.

## DISCUSSION

### A.        Timeliness of Attorneys' Fees Applications

¶7        Jewels contends that Sherry, William, and Bradford (collectively "the Lunds") forfeited their right to fees by failing to move under Rule 59(l) to amend the May 22, 2013 order quashing the garnishment. According to Jewels, the May 22, 2013 order was a final judgment that did not include any award of attorneys' fees and it was therefore appealable when entered. Jewels asserts that "[o]nce the order was entered, Rule 54(g) no long[er] applied." Having failed to move to amend the May 22, 2013 order within fifteen days under Rule 59(l), Jewels contends, the Lunds lost their fee claims.

¶8        At oral argument in this court, however, Jewels reframed its argument to one of waiver. Jewels argued that the Lunds failed to timely

request attorneys' fees before the entry of the May 22, 2013 order, and thereby forfeited any claim to a fees award.

**¶9** Contrary to Jewels' assertion made at oral argument, the record reflects that Sherry timely requested an award of attorneys' fees pursuant to A.R.S. § 12-1580(E) in her prehearing memorandum. Bradford's objection, with its attendant fee request, was not formally filed with the court. It was presented to opposing counsel and expressly considered by the court, however, and Jewels therefore waived any challenge on this basis by failing to raise it in response to Bradford's application for attorneys' fees. *See Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 109-10, ¶ 17, 158 P.3d 232, 238-39 (App. 2007) (party waives argument raised for the first time on appeal when the superior court had no opportunity to address the issue on its merits).

**¶10** Absent a Rule 54(b) determination, a "judgment shall not be entered until claims for attorneys' fees have been resolved and are addressed in the judgment." Ariz. R. Civ. P. 58(g). Applying Rule 58(g) here, the May 22, 2013 order was not an appealable judgment because the Lunds' requests for attorneys' fees were pending. Therefore, the Lunds' fee applications were timely and fell within the superior court's jurisdiction.

**¶11** Jewels also contends that William was not entitled to fees because he never specifically objected to the writ. Section 12-1580(A) states that "[a] party who has an objection to the writ of garnishment, the answer of the garnishee or the amount held by the garnishee or a party claiming an exemption from garnishment may, not later than ten days after the receipt of the answer, file a written objection and a request for hearing." Further, "a party requesting a hearing pursuant to this section is required to state the grounds for his objection in writing, but the objecting party is not limited to those written objections at the hearing . . . ." A.R.S. § 12-1580(C).

**¶12** Jewels fails to explain how William could object in light of Jewels' failure to join William as "a party" until after the first hearing. By that time, Sherry had already filed her objection and her memorandum seeking fees. Sherry's counsel agreed to accept service for William and undertook his representation. A minute entry from the subsequent hearing indicates that Sherry and William's counsel appeared and litigated the objection to Wells Fargo's answer and motion to quash. Under the circumstances, William was entitled to rely upon Sherry's previously filed objection. Because Jewels has failed to supply us with a transcript of the hearing on quashing the writ, we also presume the facts support the superior court's resolution of this issue. A.R.C.A.P. 11(b)(1); *See Johnson v.*

*Elson*, 192 Ariz. 486, 489, ¶11, 967 P.2d 1022, 1025 (App. 1998). Accordingly, William was entitled to recover attorneys' fees under A.R.S. § 12-1580(E).

**¶13** Jewels' related complaint that Sherry will receive attorneys' fees for fighting someone else's fight rests upon a misconception. As the judgment debtor, Sherry was obligated to object to the garnishment and garnishee Bank's answer or face liability to Bradford, an innocent party. The source of payment of Sherry's attorneys' fees is similarly irrelevant to her right to recoup them under A.R.S. § 12-1580(E).[1]

**¶14** Jewels raises several other arguments[2] we need not address because they were not asserted in its objections to the fee applications. *See Lemons v. Showcase Motors, Inc.*, 207 Ariz. 537, 541 n.1, ¶ 17, 88 P.3d 1149, 1153 n.1 (App. 2004). Additionally, we will not review matters for which Jewels has supplied no legal authority. *See* ARCAP 13(a)(6) (an appellate brief shall contain citations to the authorities on which the party relies); *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 393 n.2 (App. 2007) (holding that failure to develop and support an argument waives an issue on appeal).

### B. Reasonableness of Attorneys' Fees Awards

**¶15** Jewels contends the superior court's fee awards were unreasonable. We review the court's award of attorneys' fees for an abuse of discretion. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18, 99 P.3d 1030, 1035 (App. 2004). We will affirm if any reasonable basis supports the award. *Radkowsky v. Provident Life & Accident Ins. Co.*, 196 Ariz. 110, 113,

---

[1] To the extent Jewels also challenges the award of attorneys' fees to William because he was not named in Sherry's prehearing request for attorneys' fees, we note Jewels failed to raise this claim in its objection to the Lunds' fee applications and it is therefore waived. *See Airfreight Express Ltd.*, 215 Ariz. at 109-10, ¶ 17, 158 P.3d at 238-39.

[2] These arguments include: (1) the superior court could not award fees because a fee claim must be made in a pleading and an "objection" is not a pleading under Arizona Rule of Civil Procedure 7(a); (2) it is incongruous for the Lunds to obtain attorneys' fees while Sherry does not separately satisfy the pre-marital judgment in favor of Jewels ; (3) Sherry and William's fee claim did not specify which fees Sherry incurred before William became a party; and (4) certain charges, including those related to Bradford's duplicative brief and an exhibit, do not support the fee claims.

¶ 18, 993 P.2d 1074, 1077 (App. 1999).  As to issues of law, our review is de novo.  *Geller v. Lesk*, 230 Ariz. 624, 627, ¶ 8, 285 P.3d 972, 975 (App. 2012).

**¶16**　　　　Section 12-1580(E) provides that "[t]he prevailing party may be awarded costs and attorney fees in a reasonable amount determined by the court." Jewels objected that the fee applications were "outrageous" and "redefine[d] chutzpah."　　Jewels failed to dispute, however, the reasonableness of any of the component charges, an issue it cannot now raise on appeal.  *See Airfreight Express Ltd.*, 215 Ariz. at 109-10, ¶ 17, 158 P.3d at 238-39. Furthermore, "[t]he fact that the attorney's fees are in excess of the amount in dispute does not mean that they are unreasonable." *Wagner v. Casteel*, 136 Ariz. 29, 32, 663 P.2d 1020, 1023 (App. 1983).

**¶17**　　　　In assessing whether to award attorneys' fees, the superior court considered several relevant factors: (1) the applicants prevailed on their objections; (2) the ownership of funds in the garnished accounts presented no novel issues; (3) the litigation could have been avoided but for Jewels' pursuit of a claim in the face of documents establishing that the funds belonged to Bradford; (4) Jewels delayed in joining a necessary party; and (5) Rule 59(g) superseded, and case law has rejected, Jewels' Rule 59(*l*) argument.  *See Wagonseller v. Scottsdale Mem'l Hospital*, 147 Ariz. 370, 394, 710 P.2d 1025, 1049 (1985) (superseded by statute on other grounds).

**¶18**　　　　A reasonable basis exists for these findings and the resulting fee awards.  Even though Bradford joined the litigation later than Sherry and William, the record reflects his counsel's extensive efforts to map the source of the accounts' funds for the benefit of Jewels' counsel.  Because Jewels' counsel was not persuaded, all the Lunds continued to incur attorneys' fees and costs.  Jewels' failure to promptly join William and Bradford further delayed the case and increased the fees expended. The superior court exercised its discretion in awarding most, but not all, of the fees claimed.  We perceive no abuse of discretion on this record.

### C.　　Attorneys' Fees on Appeal

**¶19**　　　　The Lunds request that they be awarded attorneys' fees incurred on appeal under § 12-1580(E).  Jewels contends that this statute authorizes awards of fees incurred in the superior court, but not on appeal.

**¶20**　　　　Our supreme court considered a similar argument when it addressed the scope of A.R.S. § 12-341.01(A) in *Wenk v. Horizon Moving & Storage Co.*, 131 Ariz. 131, 639 P.2d 321 (1982).  The supreme court noted that the statute "neither restricts its application to trials nor expands it to cover appeals" because the statute merely provides that "the court" may award

attorneys' fees. *Id*. at 133, 639 P.2d at 323. The court then explained that the identity of the successful party is unknown until the appeal concludes and that public policies supporting a fee award at trial must also apply to the ultimately successful party on appeal. *Id.* Accordingly, the court concluded that A.R.S. §12-341.01(A) applies to appeals as well as superior court actions. *Id.*

¶21 As in *Wenk*, A.R.S. § 12-1580(E) authorizes "the court" to award reasonable attorneys' fees. This statute neither restricts its application to superior court actions nor extends it to appeals. 131 Ariz. at 133, 639 P.2d at 323. Similarly, the "prevailing party" in an action under A.R.S. § 12-1580(E) is uncertain until an appeal is resolved. We perceive no policy requiring us to differentiate between fee awards at the superior court and appellate levels. Thus, we conclude that A.R.S. § 12-1580(E) authorizes an award of attorneys' fees incurred on appeal.

¶22 In our discretion, we award reasonable attorneys' fees to William and Sherry, and to Bradford, subject to their respective compliance with Arizona Rule of Civil Procedure 21.

## CONCLUSION

¶23 We affirm the superior court's orders awarding attorneys' fees to the Lunds.

